UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Abel Saucedo-Ventura, | ) C/A No. 4:08-CV-00309-HFF-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )REPORT AND RECOMMENDATION |
| USA; Warden, Federal Correctional Institution at Estill, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Abel Saucedo-Ventura ("petitioner"), is an inmate in custody at the Federal Correctional Institution, Estill, South Carolina. Petitioner, appearing *pro se*, originally filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] in the Southern District of Texas who transferred it to the Eastern District of Texas. On January 30, 2008, the Eastern District of Texas transferred the case to this Court. Respondent filed a return and motion to deny the petition on September 15, 2008, along with supporting memorandum. The undersigned issued an order filed September 22, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to respondent's motion on October 20, 2008. (Document #52).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

Petitioner is presently confined in the Federal Correctional Institution in Estill, South Carolina. Petitioner was sentenced on September 11, 2006, to a 64-month term of imprisonment by the United States District Court for the Eastern District of Texas for Reentry of an Illegal Alien after previously being deported (violation of 8 U.S.C. 1326(a)). The following is a detailed procedural history as set forth by the respondent.

On February 1, 2006, petitioner was arrested by the Denton County, Texas, Sheriff's Department on Failure to Appear and Violation of Probation charges. [See Exhibit #4, Affidavit of James Hazelton, ¶4]; & [See Exhibit #5, Denton County Sheriff Records Search]. Following this arrest, petitioner remained in state custody. [Exhibit #4, ¶4].

On March 9, 2006, a federal indictment was handed down in the United States District Court for the Eastern District of Texas charging petitioner with the federal offense of Reentry of Deported Alien. [Exhibit #4, ¶5]; & [See Exhibit #6, Federal Indictment].

On March 21, 2006, the United States Marshals Service borrowed petitioner from the Denton County Sheriff's Office via a federal writ of habeas corpus ad prosequendum to appear in federal court. [Exhibit #4, ¶6]; & [See Exhibit #7, Order for writ and writ of habeas corpus ad prosequendum].

On June 2, 2006, petitioner was sentenced to time served by the Corinth Texas Municipal Court for the Failure to Appear charges. [Exhibit #4, ¶7]; & [See Exhibit #8, Letter from Corinth Municipal Court Clerk]. On September 11, 2006, petitioner was sentenced to 64-months federal imprisonment by the United States District Court for the Eastern District of Texas. [Exhibit #1].

On September 21, 2006, petitioner was sentenced to 3 years state imprisonment by the Denton County District Court for the charge of Probation Violation. [Exhibit #4, ¶8]; & [See Exhibit #9, Texas Department of Criminal Justice Public Information]. On September 26, 2006, the United States Marshals Service returned petitioner to the Denton County Sheriff's Department for service of the 3 year state probation violation sentence. [Exhibit #4, ¶9]. Petitioner remained in the Texas Department of Corrections until February 20, 2007, at which time he was paroled from the 3 year probation violation [and transferred] into federal custody. [Exhibit #4, ¶10]; & [See Exhibit #10, Texas Parole Status Confirmation].

Upon his entry into the BOP, petitioner's federal sentence was computed. [Exhibit #4, ¶11]. The sentence computation reflects petitioner's federal sentence commenced on February 20, 2007, and he is eligible to earn 250 days Good Conduct Time. [Exhibit #2]. Petitioner was awarded no prior custody credit. [Exhibit #2]. Petitioner's projected release date from the federal sentence is October 13, 2011, via Good Conduct Time release. [Exhibit #2].

## II. PETITIONER'S GROUNDS FOR RELIEF

Petitioner has filed this application for Writ of Habeas Corpus asserting that he is entitled to prior custody credit toward his federal sentence for time spent in custody prior to imposition of the term.

In his response to the motion to deny the habeas petition, petitioner asserts that he is not seeking credit toward his federal sentence from February 1, 2006, through February 19, 2007. Specifically, petitioner states "the petitioner does not seek credit for the entire time he was in custody in Texas from his arrest on February 1, 2006, to his eventual release from serving his time in Texas

3

on February 19, 2007. The petitioner understands that he can in no way be entitled to time served on a federal sentence prior to the March 9, 2006, indictment by the Federal Grand Jury since that would be inconsistent with both law and common sense." (Pet.'s Response, p. 1-2). Petitioner asserts that at the conclusion of his sentencing on September 11, 2006, he returned to the primary custody of the State of Texas. Petitioner argues that it is the period from March 9, 2006, to September 11, 2006, that he believes he should receive credit for serving because he "truly believes and was made to understand while serving that period of time that he was a federal prisoner and was treated as one, housed with other federal prisoners, and was given certain benefits only offered to federal prisoners in the jail." (Pet.'s response, p. 2). Petitioner asserts that respondent would have the Court believe that he remained in one jail during that period of time when he was actually housed in Denton County, Grayson County, Hunter County, and then back to Denton County in Texas. Petitioner asserts that in each of these counties he was not housed with the general population but rather with federal inmates, was told he was a federal prisoner at each county jail, and did not have to pay for medical services during this time because he was told he was a federal prisoner and the U.S. Marshal's service pays for his care. Therefore, petitioner argues in his response that the Marshall's service maintained primary custody of him from March 9, 2006, to September 11, 2006, and he is entitled to time credited to his sentence.

### III. MOTION TO DENY

Respondent filed a motion to deny the habeas petition asserting petitioner is not entitled to any prior custody credit toward his federal sentence. Respondent asserts that the entire period of time from February 1, 2006, up to February 19, 2007, was time petitioner spent in the primary custody

4

of the State of Texas. (See respondent's exhibit #4). Respondent contends that petitioner's arrest on February 1, 2006, and his imprisonment up to February 19, 2007, was not as a result of the federal offense, but rather was for violations of the State of Texas laws. Additionally, respondent sets forth that the period of time from the date of arrest of February 1, 2006, through September 21, 2006, the date the state sentence was imposed, was credited toward petitioner's three year state sentence. (See respondent's Exhibit 11, Texas Sentence Computation Sheet). The time period of September 21, 2006, through February 20, 2007, was time petitioner spent actually serving the 3 year state sentence. Respondent asserts that "because the State of Texas has credited all pre-trial incarceration time toward his 3 year state sentence, he is prohibited by §3585(b) from receiving this same credit toward his federal sentence." (Memorandum, p. 7).

Respondent contends that the period of time March 21, 2006, through September 26, 2006, was time petitioner was merely borrowed by federal authorities under a writ of habeas corpus ad prosequendum (exhibit #4) and the BOP under §3858(b) does not award time spent under a writ of habeas corpus ad prosequendum as prior custody credit because the primary reasons for writ custody is not the federal charge but the federal court is borrowing the prisoner under the provision of the writ of secondary custody.

## IV. ANALYSIS

First, the undersigned notes that the respondent concedes that the petitioner has exhausted his administrative remedies with respect to these claims. (Resp. Memorandum, p.4). Turning then to the petitioner's allegations regarding his sentence, the undersigned notes that pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences for all offenses

5

committed on or after November 1, 1987, and he has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992). The computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. Additionally, it is well-settled that a federal sentence cannot commence before it is imposed, United States v. Walker, 98 F.3d 944, 945-46 (7th Cir.1996), and a district court has no power to award presentence credit. 18 U.S.C. ¶ 3585(b); United States v. Wilson, 503 U.S. 329, 333 (1992). Furthermore, pursuant to the provisions of 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times, such as the petitioner's state and federal sentences, run consecutively absent an affirmative order of the sentencing court that they run concurrently.

In Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), the court explained that the sentencing court's authority under U.S.S.G. § 5G1.3 to "adjust" a sentence is distinct from the BOP's authority under 18 U.S.C. § 3585(b) to "credit" a sentence, even though the benefit to the defendant may be the same. *Id.* at 131-33. Under § 5G1.3(b), if convictions arise from the same course of conduct, district courts may reduce the later sentence to account for the amount of time already served, on the prior, undischarged sentence, thus enabling the sentences to run concurrently and terminate at the same time. On the other hand, the credit that the BOP exclusively awards under § 3585(b) is for time served in detention prior to the date the federal sentence commences. *Id.*

However, a prisoner cannot receive double credit, and therefore prior custody credit will not ordinarily be granted under § 3585 if the prisoner has already received prior custody credit toward another sentence. United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding "section

6

3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."); United States v. Arroyo, 324 F.Supp.2d 472 (S.D.N.Y. 2004) (finding that the BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence); Bacon v. Federal Bureau of Prisons, 2001 WL 34684734 (D.S.C. 2001).

BOP policy requires that an inmate's request for presentence credit toward a federal sentence for time spent in service of a state sentence be considered as a request for nunc pro tunc designation pursuant to Barden v. Keohane, 921 F.2d 476, 480-483 (3rd 1990); Program Statement 5160.05(9)(b)(4). Pursuant to § 3621(b), the following factors are to be considered:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

(A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). *See also* Trowell v. Beeler, 2005 WL 1181858 at *4 (4th Cir. 2005) (holding "the BOP must exercise its own independent judgment, taking into account all applicable factors in § 3621(b), including the views of the sentencing court"). Pursuant to § 3621, the BOP has promulgated guidelines to assist it in making determinations for designating a state institution for service of a federal sentence. BOP Program Statement 616.05.

While recognizing the general rule that a federal sentence runs consecutively to an existing sentence if the federal judge does not state that the sentences are to run concurrently, BOP policy allows exceptions based on the merits of a particular case. BOP Program Statement 5160.05(7)(b) & (8)(a). The BOP will designate a state institution for concurrent service of a federal sentence only "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." BOP Program Statement 5160.05(3)(a) & (8). In exercising its discretion to make such an exception for concurrent designation, the BOP is to consider: the inmate's disciplinary history, his institutional adjustment, any recommendations of the wardens at the state and federal institutions, any recommendations by the United States Attorney, the intent of the federal sentencing court "if available," and "any other pertinent information." BOP Program Statement 5160.05(8)(a). It is also appropriate for the BOP to consider, along with other factors, the sentencing court's intent. 18 U.S.C. § 3621(b)(listing factors BOP should consider in determining place of imprisonment); BOP Program Statement 5160.05.

Thus, while under no obligation to grant a nunc pro tunc designation request, the BOP is to consider the language of the federal and state judgments, the state sentence data record to include jail credit, and "any other pertinent information relating to the federal and state sentences." BOP Program Statement 5160.05(9)(b)(4)(b). Further, the BOP's decision to grant or deny nunc pro tunc designation is subject to judicial review only for the purposes of abuse of discretion. *Barden*, 921 F.2d at 478.

Turning to the petitioner's case, the earliest date the petitioner's federal sentence could have possibly commenced was September 11, 2006, the date the federal sentence was imposed and, at that

time, the petitioner was in the primary custody of the State of Texas and the federal court was silent as to whether the federal sentence was to run consecutively or concurrently with any other sentence.

In this case, the petitioner's sentence actually commenced on the day he was released from state custody and transferred to federal custody on February 20, 2007. Pinaud v. James, 851 F.2d 27, 30 (2nd Cir.1988)(holding a federal sentence does not commence until the Attorney General receives the defendant into custody for service of the federal sentence.) Prior to February 20, 2007, the only time the petitioner was in federal custody after his state arrest was during the time period he was borrowed from the State of Texas via a federal writ of habeas corpus ad prosequendum. However, a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on loan" to that jurisdiction. Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993). Although petitioner argues that he was "borrowed" and was considered a federal prisoner in the county jails from March to September 21, 2006, petitioner received credit toward his 3-year state sentence. Petitioner cannot receive double credit. On March 21, 2006, the petitioner was borrowed from the state custody by the United States Marshal's Service pursuant to a writ of habeas corpus ad prosequendum. (Respondent's memorandum, Exhibits #4 and #7). At that time, the petitioner was in the primary custody of the state authorities as a result of his arrest on February 1, 2006. The petitioner remained in federal custody under the writ of habeas corpus ad prosequendum until September 11, 2006, when his federal sentence was imposed and he was returned to the state custody on September 26, 2006, to finish serving the remainder of his state sentence. The petitioner's argument to the effect that he should have received credit toward his federal sentence during this time fails. A prisoner is not entitled to prior custody credit for time spent in federal detention

pursuant to a writ of habeas corpus ad prosequendum , when the time period was credited against his state sentence, because he already had been sentenced on the state offense and was serving that sentence during the relevant time period. Williamson v. Pettiford, 2008 WL 2076664 , D.S.C. May 9, 2008) *citing* Rios v. Wiley, 201 F.3d 257, 272 (3rd Cir. 2000); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); Jimenez v. Warden, FDIC, Fort Devens Massachusetts, 147 F.Supp.2d 24, 28 (D.Mass. 2001). Therefore, the petitioner was in state custody from the day of his arrest February 1, 2006, through February 20, 2007, and he was not entitled to have any of this time credited to his federal sentence.

The BOP conducted a review pursuant to Trowell to determine if it would be appropriate to grant petitioner a nunc pro tunc designation that would allow his federal and state sentence to run concurrently. The BOP's final administrative decision set out the specific facts of the petitioner's situation and considered the appropriate factors, including the nature of the petitioner's offenses, the petitioner's criminal history, the sentencing judge's intent. (Resp. Exhibit #12.) The applicable authorities, Trowell and 18 U.S.C. §§ 3584 & 3621, were referenced and the BOP concluded that a nunc pro tunc designation was not appropriate. (*Id*.) The undersigned cannot find that the BOP abused its discretionary authority by declining to determine a retroactive designation resulting in concurrent service of the federal and state sentence was not appropriate.

Accordingly, it is recommended that respondent's motion to deny the habeas petition be granted and the petition dismissed.

## V. CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondent's motion to deny the habeas petition (document #47) be GRANTED and the petition dismissed without an evidentiary hearing. It is further recommended that any outstanding motions be deemed Moot.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 29, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**